IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRUSTEES OF THE PLUMBER AND ) Civil No. 07-557-JE
PIPEFITTERS NATIONAL PENSION )
FUND, ET AL, )
                              )
            Plaintiffs,       ) FINDINGS AND
                              ) RECOMMENDATION
      v.                      )
                              )
BUZZ MECHANICAL, INC.,        )
                              )
            Defendant.        )
_____)

    Stephen H. Buckley
    Cary R. Cadonau
    Brownstein, Rask, Sweeney, Kerr, Grimm, DeSylvia & Hay, LLP
    1200 S.W. Main Street
    Portland, OR 97205-2040
        Attorneys for Plaintiff

    Richard J. Parker
    Parker, Bush & Lane, P.C.
    1336 East Burnside, #200
    Portland, OR 97214
        Attorney for Defendant

JELDERKS, Magistrate Judge:

FINDINGS AND RECOMMENDATION - 1

Plumbers, Steamfitters and Marine Fitters Local No. 290 and the Trustees of nine trust funds bring this action to collect fringe benefit contributions, union dues, liquidated damages and interest, and attorneys' fees owed by Buzz Mechanical, Inc. (Buzz), pursuant to the terms of a Collective Bargaining Agreement (CBA). Defendant Buzz concedes that it owes some amount as well as reasonable attorney fees, and has not submitted any opposition to the motion for summary judgment. The motion should be granted.

## FACTUAL BACKGROUND

The record before the court establishes the following material facts.

The pension, health and welfare funds represented by the plaintiff trustees are employee benefit plans as defined in the Employee Retirement Income Security Act (ERISA) at 29 U.S.C. §§ 1002(1) and (2)(a).

Plumbers, Steamfitters and Marine Fitters Local No. 290 (the Union) is a labor organization.

The Plumbing and Piping Management Trust Fund (the Management Fund) is a Trust Fund created under a Trust Agreement. The Management Fund is governed by the plaintiff Trustees.

Since July 1, 2005, defendant Buzz has been a signatory to a Compliance Agreement for Master Labor Agreement with the

FINDINGS AND RECOMMENDATION - 2

Union.  Under the terms of the Compliance Agreement, defendant Buzz agreed to abide by the terms of the Master Labor Agreement, and to be bound by the terms and conditions of the Trust Agreements creating the Trust Funds represented by the plaintiff Trustees.  Defendant Buzz agreed to pay fringe benefit contributions and union dues to the Trust Funds on behalf of its employees performing work covered by the Master Labor Agreement.  Defendant agreed to make these payments by the 20th day of the month following the month in which the work for which payments were owed had been performed.

Under the Trust Agreements that created the Local Pension Fund, Health Fund, Retiree Health Fund, Training Fund, Vacation Fund, Scholarship Fund, and Educational Fund, liquidated damages are to be assessed at the rate of 10% of the delinquent or late paid fringe benefit contributions or $10 per Trust Fund per month, whichever amount is greater.  Interest is to be assessed on delinquent and late paid fringe benefit contributions from the date due until paid at the prime interest rate plus 2%.  Under the Trust Agreement that created the Management Fund, liquidated damages are assessed at the rate of 10% of the delinquent or late paid contributions or $10 per month, whichever is greater, and interest is assessed on delinquent and late paid contributions from the date due until paid at the prime interest rate plus 2%.  Under the Trust Agreement that created the National

FINDINGS AND RECOMMENDATION - 3

Pension Fund, liquidated damages are assessed at the rate of 10% of the delinquent or late paid pension contributions, and interest is assessed at the rate of 12% per annum until paid. The Master Labor Agreement provides that, if union dues owed to the Union are not paid by the due date, liquidated damages are assessed at the rate of 10% on the delinquent and late paid dues and interest is assessed at the rate of 9% per annum until paid.

Defendant Buzz failed to pay fringe benefit contributions and union dues owed to plaintiffs by the due date in the months of July, September, October, November, and December 2005, and in the months of June, August, and November 2006. Defendant Buzz failed to pay all required fringe benefit and union contributions to plaintiffs for the months of December 2006 through February 2007. The unrebutted calculations submitted by plaintiffs establish that, as of October 10, 2007, defendant Buzz owed plaintiffs unpaid benefit contributions and union dues in the amount of $38,039.53, liquidated damages in the amount of $4,077.91, and interest in the amount of $2,596.39. The total amount owed as of October 10, 2007, was $44,713.83. Interest continues to accrue.

The record also establishes that, pursuant to obligations defendant accepted under Agreements in the record, plaintiffs are entitled to recover reasonable attorneys fees incurred as

a result of defendant Buzz's failure to make payments as required.

### STANDARDS FOR EVALUATING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. Id. When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial. Id. at 324.

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party. Id. at 630-31. The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985). No genuine issue for trial exists, however, where the record as a whole could not lead the trier

FINDINGS AND RECOMMENDATION - 5

of fact to find for the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

**DISCUSSION**

In its answer to plaintiffs' complaint, defendant Buzz admitted that it owed money to plaintiffs, and that plaintiffs were entitled to recover reasonable attorney fees.  Defendant Buzz denied the allegations in particular paragraphs of the complaint specifying certain amounts allegedly owed.

Defendant Buzz has not filed any materials in response to plaintiffs' motion for summary judgment.

Based upon the unrebutted evidence in the record before the court, a trier of fact could only conclude that defendant Buzz failed to make payments it was required to make under the various relevant agreements, and that Buzz owes plaintiffs the amounts specified in the motion for summary judgment.  The record also establishes that plaintiffs are entitled to recover the attorney fees they reasonably incurred because of defendant Buzz's failure to make the payments as required. Accordingly, plaintiffs are entitled to summary judgment.  If this Finding and Recommendation is adopted, plaintiffs should be permitted to submit updated calculations of the amounts that should be included in the Judgment entered by the Judge reviewing this Findings and Recommendation.

**CONCLUSION**

Plaintiff's motion for summary judgment (#9) should be GRANTED, and plaintiffs should be permitted to submit calculations of the amount owing which should be included in the Judgment entered by the Judge reviewing this Findings and Recommendation.

**SCHEDULING ORDER**

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due December 31, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 12th day of December, 2007.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge